IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01233-REB-CBS

LEROY DAMASIO FRESQUEZ,
 Plaintiff,
v.

DEPUTY BALDWIN, Jefferson County Sheriff,
SERGEANT ON DUTY WHO RECEIVED "KITE" REQUEST FORM (NAME UNKNOWN),
LIEUTENANT ON DUTY MAY 29TH, 2008 (NAME UNKNOWN),
CORRECTIONAL HEALTHCARE MANAGEMENT,
NURSE KRISTEN (LAST NAME UNKNOWN), CHM,
NURSE VICKY (LAST NAME UNKNOWN), CHM,
NURSE TRACY (LAST NAME UNKNOWN), CHM,
NURSE CANDICE (LAST NAME UNKNOWN), CHM,
NURSE SHERLY (LAST NAME UNKNOWN), CHM, and
NURSE BARB (LAST NAME UNKNOWN), CHM,
 Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Mr. Fresquez' request for "an attorney to represent me and help me under 28 U.S.C. 1915(e)1 [sic]" and for "the U.S. Marshal or someone specially appointed to serve" the Defendants (filed August 18, 2008) (doc. # 20) (docketed by the Clerk of the Court as "Motion to Appoint Counsel, Motion for Order to have the US Marshal serve summons and Complaint"). Pursuant to the Order of Reference dated August 12, 2008 (doc. # 17) and the memorandum dated August 18, 2008 (doc. # 21), this matter was referred to the Magistrate Judge. The court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised in the premises.

1. Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer. *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Pursuant to 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford

1

counsel." *See also Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998) (a court may request counsel to represent an indigent plaintiff in an "exceptional case"). However, § 1915(e)(1) does not authorize "compulsory assignments of attorneys" or "coercive appointments of counsel." *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 300-310 (1989).

Whether to request counsel is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). "[T]he district court has broad discretion to appoint counsel for indigents . . . , and its denial of counsel will not be overturned unless it would result in fundamental unfairness impinging on due process rights." *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (applying 28 U.S.C. § 1915(d), amended and renumbered as § 1915(e)(1)) (internal quotation marks and citation omitted). In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has considered Mr. Fresquez' request for appointed counsel and the appropriate factors. As a *pro se* litigant, Mr. Fresquez is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Based on an initial review of the Amended Complaint (doc. # 13), the court is within its discretion in declining to request counsel to represent Mr. Fresquez. Mr. Fresquez' request for "an attorney to represent me and help me under 28 U.S.C. 1915(e)1 [sic]" is properly denied.

2.      On August 15, 2008, District Judge Blackburn issued an "Order Requiring Service by United States Marshal" (doc. # 19). Thus, Mr. Fresquez' request for "the U.S. Marshal or someone specially appointed to serve" the Defendants is moot.

Accordingly, IT IS ORDERED that Mr. Mr. Fresquez' request for "an attorney to represent me and help me under 28 U.S.C. 1915(e)1 [sic]" and for "the U.S. Marshal or someone specially appointed to serve" the Defendants (filed August 18, 2008) (doc. # 20) (docketed by the Clerk of the Court as "Motion to Appoint Counsel, Motion for Order to have the US Marshal serve summons and Complaint") is DENIED.

DATED at Denver, Colorado, this 20th day of August, 2008.

BY THE COURT:


   s/Craig B. Shaffer
   United States Magistrate Judge