IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01233-CMA-CBS

LEROY DAMASIO FRESQUEZ,
    Plaintiff,
v.

DEPUTY BALDWIN, Jefferson County Sheriff,
SERGEANT ON DUTY WHO RECEIVED "KITE" REQUEST FORM (NAME UNKNOWN),
LIEUTENANT ON DUTY MAY 29TH, 2008 (NAME UNKNOWN),
CORRECTIONAL HEALTHCARE MANAGEMENT,
NURSE KRISTEN (LAST NAME UNKNOWN), CHM,
NURSE VICKY (LAST NAME UNKNOWN), CHM,
NURSE TRACY (LAST NAME UNKNOWN), CHM,
NURSE TATIANA (LAST NAME UNKNOWN), CHM,
NURSE SHERLY (LAST NAME UNKNOWN), CHM, and
NURSE BARB (LAST NAME UNKNOWN), CHM,
    Defendants.[1]

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on: (1) "Defendants Deputy Baldwin, Sergeant Doe, and Lieutenant Doe's ["County Defendants"] Combined Motion and Brief to Dismiss" (filed August 22, 2008) (doc. # 24); (2) "CHM Defendants' Combined Motion and Brief to Dismiss" (filed October 1, 2008) (doc. # 54); and (3) "CHM Defendants' Motion to Dismiss Plaintiff's Medical Negligence Claim" (filed December 2, 2008) (doc. # 78).[2] Pursuant to the Order of Reference dated August 12, 2008 (doc. # 17) and the memoranda dated August 26, 2008 (doc. # 26), October 2, 2008 (doc. # 56), and December 3, 2008 (doc. # 79), these matters were referred to the Magistrate Judge. The court has reviewed

---

[1] Upon information and belief, Defendants Nurses "Kristen, Vicky, Tracy, Tatiana, Sherly, and Barb" have been identified as Nurse Krista Bies, Nurse Victoria Curtis, Nurse Tracy Haines, Nurse Tatyana Biskup-Stojilkovic, Nurse Shirley Withrow, and Nurse Barbara Greer. (*See* Amended Answer (doc. # 68)).

[2] Defendant Biskup-Stojilkovic subsequently joined the CHM Defendants' Motions. (*See* docs. # 64 and # 83).

1

the Motions, Mr. Fresquez' Responses (filed September 4, 2008 and October 15, 2008) (docs. # 40 and # 61), Defendants' Replies (filed September 18, 2008, November 3, 2008, and January 7, 2009) (docs. # 46, # 70, and # 82), Mr. Fresquez' "Response" ("Surreply") (filed September 24, 2008) (doc. # 48), the pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.

I.   Statement of the Case

At the time this civil action was filed, Mr. Fresquez was incarcerated at the Jefferson County Detention Facility ("JCDF") in Golden, Colorado. (*See* Amended Complaint (doc. # 13)).[3] Proceeding *pro se,* Mr. Fresquez filed his initial Complaint in this civil action on or about June 18, 2008. (*See* doc. # 7). At the court's direction (*see* doc. # 9), Mr. Fresquez filed his Amended Complaint on July 23, 2008. (*See* doc. # 13).

In his Amended Complaint, Mr. Fresquez alleges four claims for relief. Mr. Fresquez alleges that on "May 18th 2008, I was assaulted by an inmate in Jefferson County Jail, which fractured and caved-in my right cheekbone." (*See* Amended Complaint (doc. # 13) at p. 5 of 21). Mr. Fresquez alleges that from May 18, 2008 to May 29, 2008, Defendants denied him medical care. (*See* Amended Complaint (doc. # 13) at pp. 6-18 of 21). As relief, Mr. Fresquez seeks injunctive relief, "actual damages, . . . exemplary damages, . . . nominal damages, . . . the surgery and medical bills be paid, . . . and treble damages." (*See* doc. # 13 at p. 20 of 21). All of the Defendants have moved to dismiss the Amended Complaint for several reasons pursuant to Fed. R. Civ. P. 12(b)(6).

II.  Standard of Review

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim

---

[3] Mr. Fresquez has since been released from incarceration. (*See* docs. # 75, # 81, and # 86 (notifying court of changes of address)).

upon which relief can be granted."  To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly*, 127 S.Ct. at 1965.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.

Because Mr. Fresquez appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint");  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

III.	Analysis
A.	Civil Rights Claims
    1.	Eighth Amendment

The County Defendants argue that Mr. Fresquez has alleged nothing more against

them than the failure to provide grievance forms.  The court perceives that Mr. Fresquez may also be alleging that the County Defendants prevented him from receiving medical treatment.  (*See, e.g.*, Amended Complaint (doc. # 13) at p. 8 of 21 ("I've attempted numerous time [sic] to receive medical treatment since May 18th 2008 & been neglected & deprived by employees. . .", p. 10 of 21 ("I should of received medical treatment immediately. I was denied? Jefferson County and everyone involved are responsible not giving me medical treatment. . . [sic]").

Title 42 U.S.C. § 1983 creates a cause of action where a  "person . . . under color of any statute, ordinance, regulation, custom or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges or immunities secured by the Constitution."  Section 1983 does not create any substantive rights; rather, it creates only a remedy for violations of rights secured by federal statutory and constitutional law.  *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 616-18 (1979).  To establish a claim under § 1983, a plaintiff must prove he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of law.  *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).

The Eighth Amendment's prohibition against cruel and unusual punishment is violated when prison officials "act deliberately and indifferently to serious medical needs of prisoners in their custody."  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999).  "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care . . . ."  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (internal quotation marks and citations omitted).

A claim for deliberate indifference to serious medical needs has both an objective

and a subjective component. *Hunt*, 199 F.3d at 1224. As to the first component, a medical need is "serious" when it has been diagnosed by a physician as requiring treatment or where the condition is so obvious that even a layperson would recognize the need for a doctor's attention. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). With regard to the second component, "deliberate indifference" requires a state of mind "more blameworthy than negligent," but this can be "something less than acts or omissions for the very purposes of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). It is a state of mind akin to recklessness, and occurs when the defendant "knows of and disregards an excessive risk to [the] inmate['s] health or safety." *Id.* at 837. It is not enough to show that a defendant provided ineffective or even negligent medical treatment. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 198 n. 5 (1989); *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). An Eighth Amendment violation arises only where a defendant subjectively knows of an excessive risk to the plaintiff's safety but nevertheless disregards that risk. *Sealock*, 218 F.3d at 1209.

An Eighth Amendment violation may lie where the inmate complains of treatment that is merely delayed, rather than refused. *Sealock*, 218 F.3d at 1210. In such circumstances, the inmate is required to make an additional showing that the delay in receiving care caused "substantial harm." *Id.* An Eighth Amendment claim may also arise when a prison official acts with deliberate indifference in preventing a prisoner from receiving treatment or denying him access to medical personnel capable of evaluating the need for treatment. *Sealock*, 218 F.3d at 1211. Even if the official preventing treatment is a medical official, the Eighth Amendment may be violated if the professional "knows that his [or her] role in a particular medical emergency is solely to serve as a gatekeeper for other medical personnel capable of treating the condition, and if he [or she] delays or refuses to fulfill that . . . role due to deliberate indifference." *Id.* Causation is also a

necessary element of a § 1983 claim of deliberate indifference. *Daniels v. Gilbreath*, 668 F.2d 477, 488-89 (10th Cir. 1982).

Mr. Fresquez has alleged that he required medical treatment "due to the fact my face (cheekbone) was fractured and crushed-in . . ." (*See* Amended Complaint (doc. # 13) at p. 6 of 21). As a broken bone might be recognized as serious, the Amended Complaint contains sufficient factual allegations to support the objective component of an Eighth Amendment claim. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992) (citing cases holding that broken bones are sufficiently serious for purpose of Eighth Amendment). Mr. Fresquez has also alleged that Defendants knew of his injury and deliberately refused to provide treatment or access to treatment. (*See* doc. # 13 at pp. 6-8, 10-13, 18 of 21). The court may properly construe these allegations as asserting a claim for deliberate indifference to a medical need. Mr. Fresquez has at least minimally alleged that Defendants were deliberately indifferent by denying, preventing, or delaying medical treatment between May 18, 2008 and May 29, 2008. Mr. Fresquez' allegations are sufficient, at this stage of the litigation, to state a claim for violation of the Eighth Amendment.[4]

2. Denial of Grievance Forms

To the extent that Mr. Fresquez alleges that the County Defendants did not respond to his requests for a grievance form, he has not stated a cause of action under § 1983. "Prisoners do not have a constitutional right to prison grievance procedures." *Heleva v.*

---

[4] To the extent that Mr. Fresquez is alleging that the Defendants acted negligently, allegations of negligence cannot form the basis for relief pursuant to § 1983. *See Daniels v. Williams*, 474 U.S. 327, 333, 106 S.Ct. 662, 666 (1986) ("injuries inflicted by governmental negligence are not addressed by the United States Constitution"); *Green*, 108 F.3d at 1303 ("a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment") (internal quotation marks and citation omitted); *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir.1990) (more than mere negligence required for constitutional deprivation in civil rights action).

*Kramer*, 214 Fed.Appx. 244, 247 (3rd Cir. 2007) (citation omitted).[5] "Thus, defendants' alleged obstruction of such procedures is not independently actionable." *Id.* *See also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.") (citations omitted); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure . . .") (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (state prison grievance procedures "do not in themselves trigger a protected liberty interest" (internal quotation marks and citation omitted)) and *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.") (citations omitted)); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993) ("failure to adhere to administrative regulations does not equate to a constitutional violation"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) ("defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983"); *Shidler v. Moore*, 409 F. Supp. 2d 1060, 1070 (N.D. Ind. 2006) (citation omitted) ("The Constitution does not require that a prison provide a formal grievance procedure nor adhere to their own procedures if they establish one."); *Allen v. Wood*, 970 F.Supp. 824, 832 (E.D. Wash. 1997) ("plaintiff does not have a constitutional claim with respect to the processing of his grievances by Defendants").

The Tenth Circuit and the United States District Court of Colorado have also concluded that alleged failures to provide grievance forms or to follow grievance procedures do not support a constitutional claim. *See Thomas v. Ortiz*, 2007 WL 3256708, *4 (D. Colo. 2007) (in dismissing claims against grievance officer who allegedly failed to process grievance related to the failure to provide adequate medical care, found that state grievance procedure did not create any constitutional rights); *Sims v. Miller*, 5 Fed. Appx.

---

[5] Copies of all unpublished decisions have been provided to Mr. Fresquez by Defendants. (*See* docs. # 24-2 and # 24-3).

825, 828 (10th Cir. 2001) (affirming ruling that "insofar as plaintiff contended that CDOC officials had failed to comply with the prison grievance procedures, he had failed to allege the violation of a federal constitutional right"); *Walters v. Corrections Corp. of America*, 119 Fed. Appx. 190, 191 (10th Cir. 2004) (same). To the extent that Mr. Fresquez alleges that the County Defendants failed to provide him grievance forms, he fails to state a claim for which relief can be granted under § 1983.

### 3. Defendant CHM

Municipalities and other local governmental bodies are "persons" within the meaning of 42 U.S.C. § 1983 and can be sued "for deprivations of constitutional or civil rights." *Marshall v. Columbia Lea Regional Hospital*, 345 F.3d 1157, 1177 (10th Cir. 2003) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 689-90 (1978)). A private entity which contracts to perform a traditional government function such as providing medical services to prison inmates may be sued under § 1983 as one acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 54 (1988). *See also Buckner v. Toro,* 116 F.3d 450, 452 (11th Cir. 1997) ("In so doing, it becomes the functional equivalent of the municipality"). "Like a county or a municipality, however, a private corporation like CHM cannot be held liable on the basis of the doctrine of respondeat superior." *Nelson v. Prison Health Services, Inc.*, 991 F. Supp. 1452, 1465 (M.D. Fla. 1997) (citation omitted). *See also Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (vicarious liability does not apply in § 1983 claims, even where the defendant is a private corporation, rather than a municipality or other public agency). Thus, the test for CHM's "liability under § 1983 mirrors that of the test for the County: that is, the plaintiff would need to show either that the company was directly involved in the alleged violation or that a policy or custom of the corporation led to the violation." *Id.* at 1465 (citation omitted). *See also Buckner*, 116 F.3d 450, 452 ("the *Monell* policy or custom requirement applies in suits against private entities performing functions

traditionally within the exclusive prerogative of the state, such as the provision of medical care to inmates."); *Thomas v. Zinkel*, 155 F. Supp. 2d 408, 412 (E.D. Pa. 2001) (liability of private corporation may not rest on respondeat superior, but rather must be based on a policy, practice, or custom that caused the injury) (citations omitted); *Taylor v. Plousis*, 101 F. Supp. 2d 255, 263 (D.N.J. 2000) (private corporation performing a municipal function is subject to the holding in *Monell*); *McIlwain v. Prince William Hospital*, 774 F. Supp. 986, 990 (E.D. Va. 1991) (hospital could not be held liable for "the actions of its employees unless plaintiff[s] can show a policy which the employees were carrying out in their alleged denial of treatment.") (citations omitted).

Mr. Fresquez' allegation of denial of health care by CHM is based solely upon vicarious liability for the acts of its employees. (*See* Amended Complaint (doc. # 13) at p. 11 of 21). Mr. Fresquez has not alleged any unconstitutional policy or custom attributable to CHM that caused his injury. In the absence of allegations of policy or custom, Mr. Fresquez fails to state a claim against CHM under § 1983.

4.   Qualified Immunity

The County Defendants raise the defense of qualified immunity. Whether Defendants are entitled to qualified immunity is a legal question. *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008). Mr. Fresquez' allegation that Defendants denied him medical treatment from May 18, 2008 to May 29, 2008 may violate the "clearly established" right to be free from deliberate indifference to a serious medical need. *See Garrett v. Stratman*, 254 F.3d 946, 949 (10th Cir. 2001) ("A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs"); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (Eighth Amendment right to be free from deliberate indifference to serious medical needs clearly established). Whether such conduct would be nonetheless

"objectively reasonable" cannot be determined on the pleadings alone. At this stage of the litigation, Defendants are not entitled to qualified immunity on Mr. Fresquez' claim for denial of medical treatment.

B.  State Law Claims

   1.  Mr. Fresquez' "Claim 4"

To the extent that Mr. Fresquez alleges a claim for "Emotional Distress" and "Irreparable Injury" (*see* doc. # 13 at p. 18 of 21), he may be understood as alleging damages and not an independent claim for relief. To the extent that he is alleging "cruel and unusual punishment," he appears to repeat the basis of an Eighth Amendment claim. "Claim 4" is properly dismissed for failure to state any independent claim for which relief can be granted.

   2.  County Defendants

Mr. Fresquez alleges that the Defendants violated state tort law. (*See, e.g.,* Amended Complaint (doc. # 13) at pp. 6, 8, 11 of 21 ("willful neglect," "concurrent negligence," "fiduciary relationship," "malpractice," "willful and wanton misconduct")).

The Colorado Governmental Immunity Act ("CGIA") provides:

> A public employee shall be immune from liability in any claim of injury, . . . which lies in tort or could lie in tort regardless of whether that may be the type of action or the form of relief chosen by a claimant and which arises out of an act or omission of such employee occurring during the performance of his duties and within the scope of his employment unless the act or omission causing such injury was willful and wanton.

Colo. Rev. Stat. § 24-10-118(2)(a) (2007). *See also Carothers v. Archuleta County Sheriff*, 159 P.3d 647, 652 (Colo. App. 2006) (with regard to claims against a public employee, if there is no waiver of immunity, then a plaintiff must allege willful and wanton conduct to proceed on his claims because an employee who is sued for willful and wanton conduct does not enjoy immunity under the CGIA.) (citation omitted), *cert. denied*, 2007 WL

1535734 (Colo. May 29, 2007); *Moody v. Ungerer*, 885 P.2d 200, 205 (Colo. 1994) ("A public employee is immune from all claims that lie or could lie in tort, unless the claim falls within one of the six limited areas for which immunity has been waived or unless the act or omission causing the injury was willful and wanton.") (citing Colo. Rev. Stat. § 24-10-118(2)).

"Failure to plead the factual basis of an allegation that an act or omission of a public employee was willful and wanton shall result in dismissal of the claim for failure to state a claim upon which relief can be granted." Colo. Rev. Stat. §§ 24-10-110(5)(b) (2007). *See also Peterson v. Arapahoe County Sheriff*, 72 P.3d 440, 444 (Colo. App. 2003) ("In any action alleging willful and wanton conduct of a public employee, the specific factual basis of such allegations shall be stated in the complaint. The failure to plead the factual basis shall result in dismissal of the claim for failure to state a claim upon which relief can be granted.") (citations omitted). "Whether a plaintiff has pleaded sufficient facts to state a claim based upon willful and wanton conduct is to be determined by the court." *Barham v. Scalia*, 928 P.2d 1381, 1385 (Colo. App. 1996). The court construes the CGIA narrowly and affords all reasonable inferences to Mr. Fresquez. *Tidwell ex rel. Tidwell v. City and County of Denver*, 83 P.3d 75, 85 (Colo. 2003).

The CGIA does not define "willful and wanton." The Colorado Supreme Court, however, has interpreted the term:

> As used in this section, "willful and wanton conduct" means conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to the safety of others, particularly the plaintiff.

*Moody*, 885 P.2d at 205 (Colo. 1994) (interpreting Colo. Rev. Stat. § 13-21-102(1) regarding exemplary damages). The Colorado Supreme Court has also considered the meaning of "willful and wanton" in *Pettingell v. Moede*:

> Willful action means voluntary; by choice; intentional; purposeful. Wantoness signifies an even higher degree of culpability in that it is wholly disregardful of the rights, feelings and safety of others. It may, at times, even imply an

> element of evil. One may be said to be guilty of "wanton and willful disregard" when he is conscious of his misconduct, and although having no intent to injure any one, from his knowledge of surrounding circumstances and existing conditions is aware that his conduct in the natural sequence of events will probably result in injury to his guest, and is unconcerned over the possibility of such result.

271 P.2d 1038, 1042 (Colo. 1954) (interpreting Colorado's automobile guest statute). *See also Schnurr v. Board of County Commissioners of Jefferson County*, 189 F. Supp. 2d 1105 (D. Colo. 2001) ("[F]or a defendant's conduct to be 'willful and wanton' under the CGIA that defendant must be adequately alleged to have purposefully pursued a course of action or inaction that he or she considered would probably result in the harm to Plaintiff[].") (citation omitted); *Jarvis v. Deyoe*, 892 P.2d 398 (Colo. App. 1994) (noting that "willful and wanton conduct" involved an element of conscious disregard for the safety of others); *Holland v. Board of County Commissioners*, 883 P.2d 500 (Colo. App. 1994) (allegation that defendant intentionally and maliciously interfered with plaintiff's appointment as county attorney by providing false and defamatory information sufficiently stated facts that, accepted as true, adequately asserted willful and wanton conduct).

To the extent that Mr. Fresquez is alleging state law tort claims against the County Defendants, he has not alleged sufficient facts to demonstrate either a statutory or express waiver of immunity, or willful and wanton conduct. The mere recitation of the words "willfull" and "wanton" (*see, e.g.,* Amended Complaint (doc. # 13) at pp. 6, 11 of 21), is not sufficient to avoid the immunity afforded public employees from all claims that lie or could lie in tort. To the extent that Mr. Fresquez is alleging state law tort claims against the County Defendants, such claims are properly dismissed under the CGIA for failure to state a claim for which relief can be granted.[6]

---

[6] "The CGIA establishes immunity form tort actions for public entities and employees who are acting within the course and scope of their employment." *Moran v. Standard Ins. co*, 187 P.3d 1162, 1164 (Colo. App. 2008) (citations omitted). CHM's "status as a private corporation, even one that has entered a contract with a public entity, precludes its treatment as a public entity under the CGIA." *Id.* at 1166.

3. CHM Defendants

a. Breach of Fiduciary Duty

To the extent that Mr. Fresquez alleges a claim for breach of fiduciary duty, he fails to state a claim. In order to recover on a claim for breach of fiduciary duty in Colorado, a plaintiff must prove: 1) that the defendant was acting as a fiduciary of the plaintiff; 2) that he or she breached a fiduciary duty to the plaintiff; 3) that the plaintiff incurred damages; and 4) that the defendant's breach of fiduciary duty was a cause of the plaintiff's damages. *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993) (citing CJI-Civ.2d 26:1 (1989)). Mr. Fresquez generally alleges that he was "deprived medical [sic] treatment [ ] which is fiduciary obligated to anyone in custody." (*See* Amended Complaint (doc. # 13) at p. 5 of 21; *see also* pp. 6, 8, 11 of 21 (entitling Claims 1, 2, and 3 "fiduciary relationship"). Mr. Fresquez has not alleged a fiduciary relationship recognized by Colorado law. Further, his fiduciary duty claim appears to be duplicative of his Eighth Amendment claim for denial of medical treatment. To the extent that Mr. Fresquez alleges a claim for breach of fiduciary, such claim is properly dismissed.

b. Willful and Wanton Misconduct

To the extent that Mr. Fresquez is alleging "willful and wanton misconduct" (*see* doc. # 13 at pp. 11-13 of 21), he fails to state a claim. "[I]t is not enough . . . to have stated a general allegation of willful and wanton conduct." *Wilson v. Meyer*, 126 P.3d 276, 282 (Colo. App. 2005). Further, Mr. Fresquez repeatedly alleges that Defendants' conduct was "negligence" and "neglect." (*See, e.g.*, doc. # 13 at pp. 6, 8, 11 of 21). Mr. Fresquez' conclusory allegations of willful and wanton misconduct are insufficient. *See Wilson*, 126 P.3d at 282.

c. Negligence

To the extent that Mr. Fresquez alleges professional negligence, the CHM Defendants move to dismiss such claims for failure to file a certificate of review pursuant to Colo. Rev. Stat. §13-20-602. "When a claimant levels a negligence or fault claim against a professional, that professional is judged according to the tenets of the field to which he or she belongs." *Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 81 (Colo. 2001) (citation omitted). "The successful claimant will therefore demonstrate that the professional's conduct fell below the standard of care appropriate to the profession." *Id*. "Expert testimony is generally necessary to assist the trier of fact in determining the applicable standards because in most cases such standards are not within the purview of ordinary persons." *Id*. In sum, courts require claimants, as part of a professional negligence claim, to establish the appropriate standard of care." *Id*.

Under Colorado law, a plaintiff is required to support a professional negligence claim with a certificate of review from a licensed professional who has expertise in the area of the alleged negligent conduct, and which states that the professional has reviewed the relevant facts and has concluded that the plaintiff's claim of negligence does not lack substantial justification. *See* Colo. Rev. Stat. §13-20-602(1)(a) and (3)(a); *Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992) (holding that a certificate of review must be filed in every case where expert testimony is necessary to establish professional negligence). Failure to file a certificate of review is grounds for dismissal of any claim based on allegations of professional negligence that requires expert testimony to establish a prima facie case. Colo. Rev. Stat. §13-20-602(1)-(4); *Martinez*, 842 P.2d at 251.

Section 13-20-602(1)(a) requires that a certificate of review be filed within sixty days after service of the complaint unless the court determines that a longer period is necessary for good cause shown. On January 9, 2009, the court permitted Mr. Fresquez an extension of time to January 29, 2009 to file a certificate of review. (*See* Courtroom Minutes/Minute

Orders (docs. # 80 and # 84)).

On January 29, 2009, Mr. Fresquez submitted a letter from Peter B. Crum, M.D. (*See* doc. # 85). Dr. Crum represents that he has expertise in the area of the alleged negligent conduct, indicates that he has reviewed the record supporting the claims, and concludes that "[t]he care rendered was not within the community-accepted standard of care for Mr. Fresquez" and that "Mr. Fresquez was denied appropriate access to care in a timely fashion . . . ." Dr. Crum's letter appears to meet the requirements of Colo. Rev. Stat. § 13-20-602 that the author "has expertise in the area of the alleged negligent conduct, . . . has reviewed the known facts, including such records, documents, and other materials which the professional has found to be relevant to the allegations of negligent conduct . . . has concluded that the filing of the claim . . . does not lack substantial justification," and "is competent to express an opinion as the negligent conduct alleged." *See* Colo. Rev. Stat. § 13-20-602(3)(a), (c). The CHM Defendants' Motion to Dismiss for failure to file a certificate of review is thus properly denied.

Accordingly, IT IS RECOMMENDED that "Defendants Deputy Baldwin, Sergeant Doe, and Lieutenant Does' Combined Motion and Brief to Dismiss" (filed August 22, 2008) (doc. # 24), "CHM Defendants' Combined Motion and Brief to Dismiss" (filed October 1, 2008) (doc. # 54), and "CHM Defendants' Motion to Dismiss Plaintiff's Medical Negligence Claim" (filed December 2, 2008) (doc. # 78) be DENIED IN PART insofar as Mr. Fresquez has stated: (1) an Eighth Amendment claim pursuant to § 1983 against all Defendants except CHM with regard to the denial of medical treatment between May 18, 2008 and May 29, 2008, and (2) a state law negligence claim against the CHM Defendants, and be GRANTED IN PART with regard to all other claims asserted in the Amended Complaint (doc. # 13).

15

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 17th day of February, 2009.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge