IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 08-cv-01233-CMA-CBS

LEROY DAMASIO FRESQUEZ,

    Plaintiff,

v.

DEPUTY BALDWIN, Jefferson County Sheriff,
SERGEANT ON DUTY WHO RECEIVED "KITE" REQUEST FORM (NAME UNKNOWN),
LIEUTENANT ON DUTY MAY 29th, 2008 (NAME UNKNOWN),
CORRECTIONAL HEALTHCARE MANAGEMENT,
NURSE KRISTEN (LAST NAME UNKNOWN), CHM,
NURSE VICKY (LAST NAME UNKNOWN), CHM
NURSE TRACY (LAST NAME UNKNOWN), CHM
NURSE TATIANA (LAST NAME UNKNOWN), CHM,
NURSE SHERLY (LAST NAME UNKNOWN), CHM,
NURSE BARB (LAST NAME UNKNOWN), CHM,

    Defendants.

## ORDER ADOPTING AND AFFIRMING FEBRUARY 17, 2009 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the February 17, 2009 recommendation by the Magistrate Judge (Doc. # 87).  He recommends that "Defendants Deputy Baldwin, Sergeant Doe, and Lieutenant Does' Combined Motion and Brief to Dismiss" (Doc. # 24), "CHM Defendants' Combined Motion and Brief to Dismiss (Doc. # 54), and "CHM Defendants' Motion to Dismiss Plaintiff's Medical Negligence Claim" (Doc. # 78) be denied in part insofar as Plaintiff has stated: (1) an Eighth Amendment claim pursuant to § 1983 against all Defendants except CHM with regard to the denial of

medical treatment between May 18, 2008 and May 29, 2008, and (2) a state law negligence claim against the CHM Defendants, and be granted in part with regard to all other claims asserted in the Amended Complaint (Doc. # 13).  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question).

## I.  ANALYSIS

Defendants Deputy Baldwin, Sergeant Doe, and Lieutenant Doe (the "County Defendants") objected to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge "incorrectly construed Plaintiff's Amended Complaint as stating an Eighth Amendment deliberate indifference to a serious medical need claim against the County Defendants and incorrectly determined that the County Defendants are not entitled to qualified immunity on the Plaintiff's Eighth Amendment Claim."  (Doc. # 89 at 2.)  In light of the objections, the Court has conducted the requisite de novo review of the issues, the recommendation, and the County Defendants' objections.

Because Plaintiff is proceeding *pro se*, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys."  *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007)(citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers.").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not

assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues.").

### A.   Failure to State a Claim

The County Defendants argue that Plaintiff's allegations against them should be dismissed because they allege only a failure to provide grievance forms, allegations which, even if true, fail to state a claim upon which relief can be granted. Although it is true that Plaintiff does focus much attention on the failure of the County Defendants to provide him with grievance forms, he also goes on at length to explain that what he sought to grieve was the failure of the medical staff and the county to provide him with appropriate medical treatment. As noted by the Magistrate Judge, Plaintiff has alleged that he required medical treatment "due to the fact my face (cheekbone) was fractured and crushed-in . . ." (Doc. # 13 at 6.) On page seven of his Amended Complaint, Plaintiff states: "As a result of not receiving grievance my cheekbone is healing all crushed-in/caved-in . . . I hope to God no one goes through this again, just knowing and

feeling your face is crushed and caved-in broken, stuck in a cell with no way of getting help." (*Id.* at 7.)

Similarly, in Claim Two of his Amended Complaint, Plaintiff alleges: "I've attempted numerous times to receive medical treatment since May 18th 2008 & have been neglected and deprived by employees under color of law that Jefferson County Golden Colorado have employed." Plaintiff also alleges that Defendants knew of his injury and deliberately refused to provide treatment or access to treatment. (*See id.*)

These allegations are adequate to state an Eighth Amendment deliberate indifference claim against the County Defendants. Although it is true that in the normal case non-medical jail staff may rely upon the medical judgments of the medical professionals, it is also true that this is not so in "the unusual case where it would be evident to the layperson that a prisoner is receiving inadequate or inappropriate treatment." *Thomas v. Ortiz*, 2007 WL 3256708, *3 (D. Colo. 2007) (quoting *Bond v. Aguinaldo*, 228 F.Supp.2d 918, 920-21 (N.D. Ill. 2002). As noted by the Magistrate Judge, broken bones have been held to be sufficiently serious for purposes of Eighth Amendment claims. A crushed-in/caved-in cheekbone is something that should be evident to a layperson. The Court agrees with the Magistrate Judge's conclusion that these allegations at least minimally allege that Defendants were deliberately indifferent to the medical needs of Plaintiff by denying, preventing, or delaying medical treatment to Plaintiff between May 18, 2008 and May 29, 2008.

Plaintiffs allegations are sufficient at this stage of the litigation, to state a claim for violation of the Eighth Amendment against Defendant Baldwin. However, the Court agrees with Sergeant Doe and Lieutenant Doe (the "Doe Defendants") that the allegations of the Amended Complaint are insufficient to sustain a claim against them. Thus, Plaintiff's claims against the Doe Defendants will be dismissed without prejudice.

### B.    Qualified Immunity

With respect to Defendants' qualified immunity defense, the Court agrees with the Magistrate Judge that whether the Defendants' conduct in this case was "objectively reasonable" cannot be determined on the pleadings alone. Therefore, at this stage of the litigation, Defendants are not entitled to qualified immunity on Plaintiff's claim for denial of medical treatment. For purposes of the motion to dismiss, the record has not been sufficiently developed.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED as follows:

1. The Recommendation of the United States Magistrate Judge (Doc. # 87), filed February 17, 2009, is APPROVED AND ADOPTED IN PART, as described in paragraph 2 below.

2. Except as set forth in paragraphs 2A and 2B below, Defendants' motions to dismiss (Doc. ## 24, 54, 78) are GRANTED with respect to all claims asserted in the Amended Complaint (Doc. # 13).

A. Plaintiff has stated an Eighth Amendment claim pursuant to § 1983 with regard to the denial of medical treatment between May 18, 2008 and May 29, 2008 against Deputy Baldwin, but has not stated such a claim against the Doe Defendants.  Thus, the County Defendants' motion to dismiss the Eighth Amendment claim pursuant to § 1983 is DENIED as to Deputy Baldwin and GRANTED as to the Doe Defendants, who are DISMISSED WITHOUT PREJUDICE.

B. Plaintiff has stated a state law professional negligence claim against the CHM Defendants, but all other claims against the CHM Defendants fail for the reasons set forth in the Magistrate Judge's Recommendation.  Thus, all claims against the CHM Defendants, except the state law professional negligence claim, are DISMISSED WITH PREJUDICE.

DATED:  August   13  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge