IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01233-REB-CBS

LEROY DAMASIO FRESQUEZ,
    Plaintiff,
v.

DEPUTY BALDWIN, Jefferson County Sheriff,
CORRECTIONAL HEALTHCARE MANAGEMENT,
NURSE KRISTEN (LAST NAME UNKNOWN), CHM,
NURSE VICKY (LAST NAME UNKNOWN), CHM,
NURSE TRACY (LAST NAME UNKNOWN), CHM,
NURSE TATIANA (LAST NAME UNKNOWN), CHM,
NURSE SHERLY (LAST NAME UNKNOWN), CHM, and
NURSE BARB (LAST NAME UNKNOWN), CHM,
    Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Fresquez' filing entitled "Seeking Leave to Amend" (filed July 2, 2010) (doc. # 170) (docketed by the Clerk of the Court as "Motion to Amend Amended Complaint"). Pursuant to the Order of Reference dated August 12, 2008 (doc. # 17) and the memoranda dated July 9, 2010 (docs. # 171 and # 172), this matter was referred to the Magistrate Judge. The court has reviewed the matter, the entire case file, and the applicable law and is sufficiently advised in the premises.

    The court has determined that Mr. Fresquez' Amended Complaint (doc. # 13) "has stated an Eighth Amendment claim pursuant to § 1983 with regard to the denial of medical treatment between May 18, 2008 and May 29, 2008 against Deputy Baldwin . . . and a state law professional negligence claim against the CHM Defendants . . . ." (*See* "Order Adopting and Affirming February 17, 2009 Recommendation of United States Magistrate Judge" (doc. # 92)). Mr. Fresquez seeks to amend his Amended Complaint to allege that Defendant CHM "delayed & deprived me any type of professional medical treatment required to prevent a deformity of a tripod fracture by CHM personnel from May 29th 2008

1

through June 16th 2008." Mr. Fresquez has generally described what he wishes to add to his complaint by apparently quoting from documents he has received in discovery.

Mr. Fresquez has not submitted a copy of a complete Second Amended Complaint in a single document. The court may deny a motion to amend a complaint for failure to submit the proposed amended pleading. *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide a copy of the proposed amended pleading, among other things); *Bownes v. City of Gary, Indiana*, 112 F.R.D. 424, 425 (N.D. Ind. 1986) ("common sense" dictates that a party seeking leave to amend should accompany his motion with a copy of the proposed amended complaint); *Williams v. Wilkerson*, 90 F.R.D. 168, 170 (E.D. Va. 1981) (where plaintiff sought leave to amend, a copy of the proposed amended pleading must be attached to the motion); *Brown v. Harris*, 2006 WL 3833938 at * 2 (D. Colo. Dec. 28, 2006) (concluding "that it is entirely appropriate to require Plaintiff to set forth all of his original and supplemental allegations and claims in a single document") (citation omitted).[1]

Accordingly,

IT IS ORDERED that Mr. Fresquez' filing entitled "Seeking Leave to Amend" (filed July 2, 2010) (doc. # 170) (docketed by the Clerk of the Court as "Motion to Amend Amended Complaint") is DENIED WITHOUT PREJUDICE for failure to submit a copy of a complete proposed Second Amended Complaint in a single document.

DATED at Denver, Colorado, this 9th day of July, 2010.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

---

[1] A copy of this unpublished decision is attached to this Order.